ARIEL E. STERN, ESQ.
Nevada Bar No. 8276
ALLISON R. SCHMIDT, ESQ.
Nevada Bar No. 10743
AKERMAN LLP
1160 Town Center Drive, Suite 330
Las Vegas, NV 89144
Telephone: (702) 634-5000
Facsimile: (702) 380-8572
Email: ariel.stern@akerman.com
       allison.schmidt@akerman.com

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| BANK OF AMERICA, N.A., SUCCESSOR BY MERGER TO BAC HOME LOANS SERVICING, LP, F/K/A COUNTRYWIDE HOME LOANS SERVICING, LP<br><br>Plaintiff,<br><br>vs.<br><br>GIAVANNA HOMEOWNERS ASSOCIATION; BELLA LEGATO PBB TRUST, BRYAN LAURY, AS TRUSTEE; and ABSOLUTE COLLECTION SERVICES, LLC,<br><br>Defendants. | Case No.: 2:16 cv 612<br><br>**JOINT DISCOVERY PLAN AND** ~~**PROPOSED**~~ **SCHEDULING ORDER** |

Plaintiff Bank of America, N.A., successor by merger to BAC Home Loans Servicing, LP, f/k/a Countrywide Home Loans Servicing, LP (**BANA**) and defendants Giavanna Homeowners Association (**Giavanna**), and Absolute Collection Services, LLC (**ACS**) (collectively, the **Parties**) hereby file their joint discovery plan and proposed scheduling order pursuant to Fed. R. Civ. P. 26(f) and LR 26-1(b).

…

…

…

…

A. **Fed. R. Civ. P. 26(f) Conference:** On June 1, 2016, the Parties participated in a conference to discuss issues required by Fed. R. Civ. P. 26(f) and LR 26-1(a)(1). Allison Schmidt, Esq., counsel for BANA; Colli McKiever, Esq., counsel for Giavanna; and Shane D. Cox, Esq., counsel for ACS participated in the conference.

1. **Discovery Cut-Off Date**: The parties propose the discovery cut-off date to be Monday, October 3, 2016, which is 180 days from the date Defendant Giavanna first appeared in the action on April 6, 2016. (Dkt. 8)

2. **Initial Disclosures**: Pursuant to Fed. R. Civ. P. 26(a)(1), the Parties will serve their initial disclosures by Friday, June 10, 2016, which is no more than fourteen days after the Rule 26(f) conference.

3. **Amending the Pleadings and Adding Parties**: Pursuant to LR 26-1(b)(2), all motions to amend the pleadings or to add parties shall be filed not later than Tuesday, July 5, 2016, ninety days before the discovery cut-off date.

4. **Expert Disclosures**: Pursuant to LR 26-1(b)(3), disclosures concerning experts made pursuant to Fed. R. Civ. P. 26(a)(2) shall be made by Thursday, August 4, 2016, sixty days before the discovery cut-off date. Disclosures of rebuttal experts shall be made by Tuesday, September 6, 2016,[1] thirty-three days after the initial disclosure of experts.

5. **Dispositive Motions**: Pursuant to LR 26-1(b)(4), the date for filing dispositive motions shall not be later than Wednesday, November 2, 2016, thirty days after the discovery cutoff date.

…
…
…
…
…
…

---

[1] The deadline falls on Saturday September 3, 2016; the Parties agree to move the deadline to the next business day, Tuesday September 6, 2016.

{38404893;1}                                2

6. **Joint Pretrial Order**: Pursuant to LR 26-1(b)(5), the date for filing of the joint pretrial order shall not be later than Friday, December 2, 2016, within thirty days after the date set for filing dispositive motions. In the event that dispositive motions are filed, the date for filing the joint pretrial order shall be suspended until thirty days after decision on the dispositive motions or until further order of this Court. Pursuant to LR 26-1(b)(6), the Parties shall include the disclosures required pursuant to Fed. R. Civ. P. 26(a)(3), and any objections thereto, within the pretrial order.

7. **Interim Status Report**: Pursuant to LR 26-3, the Parties shall file an interim status report by Thursday, August 4, 2016, sixty days before the discovery cut-off date.

B. **Fed. R. Civ. P. 26(f)(3) Scope of Discovery:** The parties agree that 45 days' notice be provided prior to deposing any of their 30(b)(6) witnesses in this case. Otherwise, the parties agree that there should be no changes in the timing, form or requirement for disclosures under Rule 26(a). Initial disclosures will be made by all parties no later than fourteen days after the Rule 26(f) conference.

1. The parties agree that discovery should be allowed on all claims and defenses and extend to the full extent allowed by the Federal Rules of Civil Procedure.

2. **Discovery of Electronically Stored Information**: The Parties do not anticipate at this time discovery will be required of electronically stored information, or, if required, will not be substantial or voluminous. As a result, the Parties agree that production can be in hard copy format unless specifically requested electronically.

3. **Protection of Privileged/Trial Preparation Material**: If a party discovers it has inadvertently disclosed privileged or trial preparation material, it agrees to notify the opposing party in writing within thirty days of the discovery that such document(s) have been disclosed. The written notification must set forth the basis for the claim that the items disclosed are privileged or trial preparation material. If the party receiving the disclosure agrees the inadvertently-produced items are privileged or trial preparation material, it will return all such items to the producing party without the retention of any copies. If the receiving party disputes the items are privileged or trial preparation materials, it will within thirty days of written notification of the inadvertent disclosure,

present the disputed items inadvertently disclosed to the court under seal for a decision with respect thereto (without the retention of copies), including with such submission the producing party's written notification and any statement the receiving party wishes to make in support of its position the items are not privileged or trial preparation material. If the disclosing party disclosed the inadvertently-produced privileged or trial preparation materials before being notified of the inadvertent disclosure, it will take reasonable steps to retrieve the materials pending resolution of the matter. No inadvertent disclosure shall operate as a waiver to any claim that the document(s) is privileged.

C. **Extensions or Modifications of the Discovery Plan and Scheduling Order**: Pursuant to LR 26-4 governing modifications or extensions of this Discovery Plan and Scheduling Order, any stipulation or motion must be made no later than twenty-one days before the cut-off date of the subject deadline and must comply fully with LR 26-4.  The last day to request an extension of discovery is Wednesday, October 5, 2016.

D. **Settlement**: In accordance with Fed. R. Civ. P. 26(f), the Parties discussed settlement but have not reached any agreement at this time.

E. **Later Appearing Parties**: This Discovery Plan and Scheduling Order shall apply to such later appearing parties, unless a stipulation of the Parties is approved by the court, or the court, on motion for good cause shown, otherwise orders.

F. **Alternative Dispute Resolution**.  Pursuant to LR 26-1(b)(7), the Parties certify they met and conferred regarding the possibility of using alternative dispute-resolution processes, including mediation, arbitration, and/or early neutral evaluation.

G. **Alternative Forms of Case Disposition**.  Pursuant to LR 26-1(b)(8), the Parties certify they have considered consent to trial by a magistrate judge under 28 U.S.C. § 636(c) and Rule 73, as well as the use of the Short Trial Program.  The Parties decline at this time.

H. **Additional Information**: None.

…

…

{38404893;1}                                    4

I.      **Court Conference**: The parties do not request a conference with the Court before the entry of this Discovery Plan and Scheduling Order.

DATED:  June 2, 2016.

| **AKERMAN LLP** | **ABSOLUTE COLLECTION SERVICES, LLC** |
|---|---|
| By:/s/ *Allison Schmidt*<br>ARIEL E. STERN, ESQ.<br>Nevada Bar No. 8276<br>ALLISON R. SCHMIDT, ESQ.<br>Nevada Bar No. 10743<br>1160 Town Center Drive, Suite 330<br>Las Vegas, Nevada 89144<br><br>*Attorneys for Plaintiff* | By: /s/ *Shane D. Cox*<br>Shane D. Cox, Esq.<br>Nevada Bar No. 13852<br>8440 W Lake Mead Blvd., Ste 210<br>Las Vegas, NV 89128<br>702-531-3394<br>Fax: 702-531-3396<br><br>*Attorneys for Absolute Collection Services, LLC* |

**BOYACK ORME & TAYLOR**

By:/s/ *Colli McKiever*
COLLI MCKIEVER, ESQ.
Nevada Bar No. 13724
401 N. Bufallo Drive
Suite 202
Las Vegas, Nevada 89145

*Attorneys for Giavanna Homeowners Association*

**ORDER**

IT IS SO ORDERED:

DATED:  6-3-2016

_____
UNITED STATES MAGISTRATE JUDGE

IT IS HEREBY ORDERED that the hearing scheduled for June 6, 2016 at 2:30 p.m. is VACATED.