UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BANK OF AMERICA, N.A., | Case No. 2:16-cv-00612-JCM-VCF |
| Plaintiff, | ORDER |
| v. | |
| GIAVANNA HOMEOWNERS ASSOCIATION, *et al.*, | |
| Defendants. | |

Presently before the court is defendant Giavanna Homeowners Association's ("HOA") motion to dismiss the complaint for failure to satisfy Nevada Revised Statute ("NRS") 38.310's mediation requirement. (ECF No. 8). Plaintiff Bank of America, N.A., successor by merger to BAC Home Loans Servicing, LP ("BANA") filed a response (ECF No. 14), but defendant did not file a reply.

### I.    Introduction

On March 18, 2016, BANA brought four causes of action against defendants HOA, Absolute Collection Services, LLC ("ACS"), and Bella Legato PBB Trust ("BL"). These claims are as follows: (1) quiet title/declaratory judgment against all defendants; (2) violation of NRS 116.1113 against HOA and ACS for breach of the obligation of good faith; (3) wrongful foreclosure against HOA and ACS; and (4) injunctive relief against BL. (*Id.*). These claims are asserted in connection with HOA's non-judicial foreclosure sale of the real property located at 3648 Bella Legato Avenue, North Las Vegas, Nevada. (*Id.*).

### II.    Legal Standard

The court may dismiss a plaintiff's complaint for "failure to state a claim upon which

relief can be granted." Fed. R. Civ. P. 12(b)(6).  A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  Although rule 8 does not require detailed factual allegations, it does require more than labels and conclusions.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Furthermore, a formulaic recitation of the elements of a cause of action will not suffice.  *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) (citation omitted).  Rule 8 does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.  *Id.* at 678–79.

To survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face."  *Id.*  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  *Id.*  When a complaint pleads facts that are merely consistent with a defendant's liability, and shows only a mere possibility of entitlement, the complaint does not meet the requirements to show plausibility of entitlement to relief.  *Id.*

In *Iqbal,* the Supreme Court clarified the two-step approach district courts are to apply when considering a motion to dismiss.  *Id.*  First, the court must accept as true all of the allegations contained in a complaint.  However, this requirement is inapplicable to legal conclusions.  *Id.*  Second, only a complaint that states a plausible claim for relief survives a motion to dismiss.  *Id.* at 678.  Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged – but not shown – that the pleader is entitled to relief."  *Id.* at 679.  When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed.  *Twombly*, 550 U.S. at 570.

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).  The *Starr* court held:

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively.  Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Id.*

2

**III.    Discussion**

Section 38.310 of the NRS provides, in relevant part:

> No civil action based upon a claim relating to [t]he interpretation, application or enforcement of any covenants, conditions or restrictions applicable to residential property . . . or [t]he procedures used for increasing, decreasing or imposing additional assessments upon residential property, may be commenced in any court in this State unless the action has been submitted to mediation.

Nev. Rev. Stat. § 38.310(1). Subsection (2) continues, mandating that a "court shall dismiss any civil action which is commenced in violation of the provisions of subsection 1." Nev. Rev. Stat. § 38.310(2).

Subsection (1) of NRS 38.330 states that "[u]nless otherwise provided by an agreement of the parties, mediation must be completed within 60 days after the filing of the written claim." Nev. Rev. Stat. § 38.330(1). However, while NRS 38.330(1) explains the procedure for mediation, NRS 38.310 is clear that no civil action may be commenced "unless the action has been submitted to mediation." NRS 38.310. Specifically, NRS 38.330(1) offers in relevant part:

> If the parties participate in mediation and an agreement is not obtained, any party may commence a civil action in the proper court concerning the claim that was submitted to mediation. **Any complaint filed in such an action must contain a sworn statement indicating that the issues addressed in the complaint have been mediated** pursuant to the provisions of NRS 38.300 to 38.360, inclusive, but an agreement was not obtained.

Nev. Rev. Stat. § 38.330(1) (emphasis added).

There is no indication on the record that the Nevada Real Estate Division's ("NRED") mediation has been completed. Thus, unless NRED appoints a mediator or the parties agree on one, plaintiff's claims—those that are subject to NRS 38.310—are unexhausted under state law.[1] This court now considers the applicability of this statutory scheme to plaintiff's claims of quiet title, breach of good faith, and wrongful foreclosure.

   *a.    Quiet title/declaratory relief* Under Nevada law, "[a]n action may be brought by any person against another who claims an estate or interest in real property, adverse

---

[1] The statute of limitations for any claim submitted to NRED for mediation is tolled until the conclusion of mediation. *See* Nev. Rev. Stat. § 38.350.

to the person bringing the action, for the purpose of determining such adverse claim." Nev. Rev. Stat. § 40.010. "A plea to quiet title does not require any particular elements, but each party must plead and prove his or her own claim to the property in question and a plaintiff's right to relief therefore depends on superiority of title." *Chapman v. Deutsche Bank Nat'l Trust Co.*, 302 P.3d 1103, 1106 (Nev. 2013) (internal quotation marks and citations omitted). Therefore, plaintiff must show that its claim to the property is superior to all others to succeed on its quiet title action. *See also Breliant v. Preferred Equities Corp.*, 918 P.2d 314, 318 (Nev. 1996) ("In a quiet title action, the burden of proof rests with the plaintiff to prove good title in himself.").

A claim to quiet title is not a civil action under NRS 38.300(3), which states: "The term does not include an action in equity for injunctive relief in which there is an immediate threat of irreparable harm, or an action relating to the title to residential property." *See, e.g.*, *U.S. Bank, Nat. Ass'n v. NV Eagles, LLC*, No. 2:15-CV-00786-RCJ-PAL, 2015 WL 4475517, at *3 (D. Nev. July 21, 2015) (finding that a lender's claim seeking both quiet title and declaratory relief was exempt from the mediation requirement of NRS 38.310); *see also McKnight Family, L.L.P.*, 310 P.3d 555, 559 (Nev. 2013). Therefore, HOA's argument for dismissal of this claim fails because NRS 38.310's exhaustion requirement does not apply to a claim to quiet title.

   b. *Bad faith*

Actions that require interpretation of the HOA's covenants, conditions, and restrictions ("CC&Rs") applicable to a subject property "fall[] under NRS 38.310." *McKnight Family, L.L.P.*, 310 P.3d at 559. Here, plaintiff's allegation regarding NRS 116.1113 is explicitly based on the language of HOA's CC&Rs regarding the disputed property. (ECF No. 1). Therefore, this claim is subject to NRS 38.310's exhaustion requirement and is accordingly dismissed. *See* Nev. Rev. Stat. § 38.330(1).

   c. *Wrongful foreclosure* "A wrongful foreclosure claim challenges the authority behind the foreclosure, not the foreclosure act itself." *McKnight Family, L.L.P.*, 310 P.3d at 559 (citing *Collins v. Union Fed. Sav. & Loan*, 662 P.2d 610, 623 (Nev. 1983)). "The material issue in a wrongful foreclosure claim is whether 'the trustor was in default when the power of sale was exercised.'" *Turbay v. Bank of Am., N.A.*, No. 2:12–CV–1367–JCM–PAL;

2013 WL 1145212, at *4 (quoting *Collins*, 662 P.2d at 623).  "Deciding a wrongful foreclosure claim against a homeowners' association involves interpreting covenants, conditions or restrictions applicable to residential property." *McKnight Family, L.L.P.*, 310 P.3d at 559.  "This type of interpretation falls under NRS 38.310." *Id.*  Additionally, NRS 38.310 applies to laws "contain[ing] conditions and restrictions applicable to residential property." *Id.* at 558. Therefore, this claim must be mediated before this court may consider its merits.  As mentioned above, there is no indication on the record that this mediation has been accomplished, so this claim will also be dismissed.

    d. *Injunctive relief against BL*

Though the present motion does not discuss this cause of action, this court finds that the fourth "cause of action" alleged in the complaint is no cause of action at all.  (ECF No. 1 at 14). Rather, injunctive relief is merely a remedy.  *See, e.g.*, *In re Wal–Mart Wage & Hour Emp't Practices Litig.*, 490 F. Supp. 2d 1091, 1130 (D. Nev. 2007); *Tillman v. Quality Loan Serv. Corp.*, No. 2:12-CV-346-JCM-RJJ, 2012 WL 1279939, at *3 (D. Nev. Apr. 13, 2012) (finding that "injunctive relief is a remedy, not an independent cause of action"); *Jensen v. Quality Loan Serv. Corp.*, 702 F. Supp. 2d 1183, 1201 (E.D. Cal. 2010) ("A request for injunctive relief by itself does not state a cause of action.").  Accordingly, this "claim" will also be dismissed.

**IV.** **Conclusion**

In sum, all of plaintiff's claims except that of quiet title/declaratory relief shall be dismissed.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that HOA's motion to dismiss (ECF No. 8) be, and the same hereby is, GRANTED IN PART AND DENIED IN PART, consistent with the foregoing.

DATED THIS 23rd day of February, 2017.

                  /s/ James C. Mahan
                  JAMES C. MAHAN
                  UNITED STATES DISTRICT JUDGE