UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BANK OF AMERICA, N.A., | Case No. 2:16-CV-612 JCM (VCF) |
| Plaintiff(s), | ORDER |
| v. | |
| GIAVANNA HOMEOWNERS ASSOCIATION, et al., | |
| Defendant(s). | |

Presently before the court is defendant Giavanna Homeowners Association's (the "HOA") motion for summary judgment. (ECF No. 24). Co-defendant Absolute Collection Services, LLC ("ACS") joined in that motion. (ECF No. 26). Plaintiff Bank of America, N.A. ("BANA") filed a response to this motion. (ECF No. 29). No reply was filed.

Also before the court is BANA's motion for summary judgment. (ECF No. 25). The HOA filed a response (ECF No. 30), and BANA filed a reply (ECF No. 42).

Also before the court is BANA's motion for default judgment. (ECF No. 56).

**I.     Introduction**

This case involves competing interests in the real property at 3648 Bella Legato Avenue, North Las Vegas, Nevada, 89081. (ECF No. 1).

BANA acquire a deed of trust in the property on June 19, 2009, when it provided a loan to Pascual Guzman-Perez and Brenda M. Guzman. (ECF No. 25-3).

On February 1, 2011, ACS recorded a notice of delinquent assessment lien, identifying an amount owed of $1,371.07. (ECF No. 25-4).

**James C. Mahan**
**U.S. District Judge**

On April 14, 2011, ACS recorded a notice of default and election to sell, which indicated that $2,529.82 was owed on the property. (ECF No. 25-5).

On July 18, 2012, ACS recorded a notice of trustee's sale, positing that an obligation of $2,960.57 was outstanding on the property. (ECF No. 25-7).

BANA's counsel sent a letter dated September 20, 2012, requesting the value of "nine months' of common assessments," which BANA would pay "upon presentation of adequate proof of the same." (ECF No. 25-10 at 3). Subsequently, the "HOA and its agent ACS refused to provide a ledger." (ECF No. 25 at 4).

On November 7, 2012, ACS recorded a trustee's deed of sale in favor of the HOA, which had bought the property at auction. (ECF No. 25-8).

Thereafter, the HOA recorded a quitclaim deed in favor of Bella Legato PBB Trust, Bryan Laury, as Trustee ("PBB"), on March 19, 2013. (ECF No. 25-9).

BANA alleges four claims in the instant action: (1) quiet title/declaratory judgment against all defendants; (2) breach of NRS 116.1113 against the HOA and ACS; (3) wrongful foreclosure against the same; and (4) injunctive relief against PBB. (ECF No. 1).

## II.     Legal Standard

The Federal Rules of Civil Procedure allow summary judgment when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims . . . ." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

For purposes of summary judgment, disputed factual issues should be construed in favor of the non-moving party. *Lujan v. Nat'l Wildlife Fed*., 497 U.S. 871, 888 (1990). However, to be entitled to a denial of summary judgment, the non-moving party must "set forth specific facts showing that there is a genuine issue for trial." *Id.*

In determining summary judgment, the court applies a burden-shifting analysis. "When the party moving for summary judgment would bear the burden of proof at trial, it must come

**James C. Mahan**
**U.S. District Judge**

- 2 -

forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000). Moreover, "[i]n such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *Id.*

By contrast, when the non-moving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the non-moving party's case; or (2) by demonstrating that the non-moving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24. If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the non-moving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

### III.  Discussion

On February 23, 2017, this court dismissed all of BANA's claims aside from its request for quiet title/declaratory relief. (ECF No. 46). This court now considers the remaining claim.

BANA presents what has become a common fact pattern before this court: when a deed-of-trust holder attempts tender that is rejected prior to an HOA non-judicial foreclosure sale. *See, e.g.*, *Bank of Am., N.A. v. Valley View Meadows Homeowners Ass'n, Inc.*, No. 2:16-cv-275-JCM-CWH, 2017 WL 2870087, at *4–8 (D. Nev. July 5, 2017); *Bank of Am., N.A. v. Ann Losee Homeowners Ass'n*, No. 2:16-cv-407-JCM-CWH, 2017 WL 2192968, at *5 (D. Nev. May 18, 2017); *Bank of Am., N.A. v. Sunrise Ridge Master Homeowners Ass'n*, No. 2:16-cv-00381-JCM-

PAL, 2017 WL 1843702, at *5 (D. Nev. May 5, 2017); *see also Nationstar Mortg., LLC v. Maplewood Springs Homeowners Ass'n*, No. 2:15-cv-1683-JCM-CWH, 2017 WL 843177, at *12 (D. Nev. Mar. 1, 2017) (discussing the deed-of-trust holder's pre-foreclosure options to prevent a sale); (ECF No. 25).

Indeed, BANA asserts the same arguments in this case that this court has confronted in a variety of other instances, under near-identical facts: (1) that "BANA's [t]ender [d]ischarged the '[s]uper-[p]riority' [l]ien";[1] (2) BANA's due process rights are violated as applied because of the refusal of the inadequate tender; (3) that *Bourne Valley Court Trust v. Wells Fargo Bank, N.A.*, 832 F.3d 1154 (9th Cir. 2016), *cert. denied*, No. 16-1208, 2017 WL 1300223 (U.S. June 26, 2017) ("*Bourne Valley*") fatally rendered various portions of Nevada Revised Statute ("NRS") chapter 116 unconstitutional; (4) questions of actual notice are "irrelevant"; (5) BANA incorrectly presumes to have standing to assert a Supremacy Clause challenge based upon the case's potential impact on the Federal Housing Administration ("FHA") insurance program when the FHA is not a party to this case, and its purported interest is not clearly challenged; (6) BANA improperly ignores the applicability of the *Long v. Towne*, 639 P.2d 528, 530 (Nev. 1982), test for commercial unreasonability; and (7) that *SFR Investments Pool 1 v. U.S. Bank*, 334 P.3d 408 (Nev. 2014), should not be applied retroactively. (ECF No. 25 at 5–20); *see also, e.g.*, *Valley View Meadows*, 2017 WL 2870087, at *4–8.

There are no material factual differences between the instant case and, to pick just one case mentioned above, *Valley View Meadows*, wherein this court has confronted and adjudicated the arguments that BANA now asserts here. *See* 2017 WL 2870087, at *4–8; *see also Nationstar Mortg., LLC*, 2017 WL 843177, at *12 (generally discussing pre-foreclosure remedies in the HOA sale context); (ECF No. 25). Thus, this court will not rule in BANA's favor and will instead grant defendants' motion for summary judgment.

. . .

. . .

---

[1] Notably, a case to which BANA heavily cites has since been vacated and remanded on other grounds. *See Stone Hollow Ave. Trust v. Bank of Am., Nat'l Ass'n*, 391 P.3d 760 (Nev. 2016); *see also* (ECF No. 36).

James C. Mahan
U.S. District Judge

### IV. Conclusion

In sum, BANA's motion for summary judgment will be denied, and the HOA and ACS's motion for summary judgment will be granted as to BANA's remaining claim for quiet title. Consequently, this court will also not grant BANA's motion for default judgment because it has not shown that any of its claims are meritorious. (ECF No. 56).

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that BANA's motion for summary judgment (ECF No. 25) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that defendants' motion for summary judgment (ECF No. 24) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that BANA's motion for default judgment (ECF No. 56) be, and the same hereby is, DENIED.

The clerk shall enter judgment and close the case accordingly.

DATED July 26, 2017.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**