UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BANK OF AMERICA, N.A., | Case No. 2:16-CV-612 JCM (VCF) |
| Plaintiff(s), | ORDER |
| v. | |
| GIAVANNA HOMEOWNERS ASSOCIATION, et al., | |
| Defendant(s). | |

Presently before the court is plaintiff Bank of America, N.A.'s ("BANA") motion for summary judgment, or in the alternative, motion for default judgment, against defendant Bella Legato PBB Trust, Bryan Laury, as Trustee. (ECF No. 72). Defendant did not respond, and plaintiff noticed this non-opposition. (ECF No. 76).

**I.   Background**

The instant action arises from a dispute regarding real property located at 3648 Bella Legato Ave., North Las Vegas, Nevada. (ECF No. 1).

On March 18, 2016, plaintiff filed its complaint against Giavanna Homeowners Association; Absolute Collection Services, LLC ("ACS"); and Bella Legato PBB Trust, Bryan Laury, as Trustee ("Bella Legato"), claiming quiet title/declaratory judgment against all defendants, breach of NRS 116.1113 against Giavanna and ACS, wrongful foreclosure against Giavanna and ACS, and injunctive relief against Bella Legato. Giavanna and ACS engaged with the ensuing litigation, but Bella Legato did not. The clerk entered default against Bella Legato on January 25, 2017. (ECF No. 37).

**James C. Mahan**
**U.S. District Judge**

On January 31, 2020, BANA agreed to dismiss its claims against Giavanna and ACS without prejudice; however, BANA's claims proceeded against defendant Bella Legato. (ECF No. 73). On that same day, BANA filed the instant motion for summary judgment, or in the alternative, motion for default judgment, against the remaining defendant, Bella Legato. (ECF No. 72).

**II.     Legal Standard**

   *A.  Summary Judgment*

The Federal Rules of Civil Procedure allow summary judgment when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

For purposes of summary judgment, disputed factual issues should be construed in favor of the nonmoving party. *Lujan v. Nat'l Wildlife Fed.*, 497 U.S. 871, 888 (1990). However, to withstand summary judgment, the nonmoving party must "set forth specific facts showing that there is a genuine issue for trial." *Id.*

In determining summary judgment, a court applies a burden-shifting analysis. "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial. In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted).

By contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24. If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not

**James C. Mahan**
**U.S. District Judge**

consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The opposing party need not establish a dispute of material fact conclusively in its favor. *See T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987). It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *Id.*

In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See Celotex*, 477 U.S. at 324.

At summary judgment, a court's function is not to weigh the evidence and determine the truth, but to determine whether a genuine dispute exists for trial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255. But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *See id.* at 249–50.

The Ninth Circuit has held that information contained in an inadmissible form may still be considered for summary judgment if the information itself would be admissible at trial. *Fraser v. Goodale*, 342 F.3d 1032, 1036 (9th Cir. 2003) (citing *Block v. City of Los Angeles*, 253 F.3d 410, 418–19 (9th Cir. 2001) ("To survive summary judgment, a party does not necessarily have to produce evidence in a form that would be admissible at trial, as long as the party satisfies the requirements of Federal Rules of Civil Procedure 56.")).

**B. Default Judgment**

Obtaining a default judgment is a two-step process. *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986). First, "[w]hen a party against whom a judgment for affirmative relief is sought has

1  failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk
2  must enter the party's default." Fed. R. Civ. P. 55(a). Federal Rule of Civil Procedure 55(b)(2)
3  provides that "a court may enter a default judgment after the party seeking default applies to the
4  clerk of the court as required by subsection (a) of this rule." Fed. R. Civ. P. 55(b)(2).

5  The choice whether to enter a default judgment lies within the discretion of the
6  court. *Aldabe v. Aldabe*, 616 F.3d 1089, 1092 (9th Cir. 1980).  In the determination of whether to
7  grant a default judgment, the court should consider the seven factors set forth in *Eitel*: (1) the
8  possibility of prejudice to plaintiff if default judgment is not entered; (2) the merits of the claims;
9  (3) the sufficiency of the complaint; (4) the amount of money at stake; (5) the possibility of a
10 dispute concerning material facts; (6) whether default was due to excusable neglect; and (7) the
11 policy favoring a decision on the merits.  782 F.2d at 1471–72.  In applying the *Eitel* factors, "the
12 factual allegations of the complaint, except those relating to the amount of damages, will be taken
13 as true." *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977); *see also* Fed. R. Civ. P.
14 8(d).

15 **III.   Discussion**

16 Although "strong policy . . . favor[s] decisions on the merits," defendant's failure to
17 respond to the instant motion, and all other papers before it, makes it difficult for this court to
18 adjudicate on the merits.  *Davies v. Guinn Res. Co.*, 978 F.2d 714 (9th Cir. 1992).  Thus, this court
19 rules on plaintiff's motion as default judgment against Bella Legato Trust.

20 On January 24, 2017, plaintiff filed a motion for entry of clerk's default as to defendant
21 Bella Legato (ECF No. 36), and on January 25, 2017, the clerk entered default, (ECF No. 37).
22 Therefore, plaintiff has satisfied subsection (a) of Federal Rule of Civil Procedure 55.

23 In exercising its discretion, this court finds that the seven factors expounded in *Eitel* weigh
24 in plaintiff's favor.  782 F.2d at 1471–72.

25 The first *Eitel* factor weighs in favor of default judgment.  Defendant has failed to respond
26 or appear in the case, which prejudices plaintiff's ability to establish its superior claims to title.

27 The second and third *Eitel* factors also favor plaintiff in this case. Plaintiff's complaint is
28 well pled and meritorious. *See Eitel*, 782 F.2d at 1471.

**James C. Mahan**
**U.S. District Judge**

The fourth *Eitel* factor, which compares the amount of money at stake to the seriousness of defendant's conduct, supports default judgment against defendant. Here, BANA seeks only a declaratory judgment, not monetary damages.

The fifth *Eitel* factor, the possibility of a dispute concerning material facts, favors plaintiff. Here, there is no dispute concerning the material facts of the case, particularly those in the public record.

The sixth *Eitel* factor considers excusable neglect. 782 F.2d at 1472. The factor favors entry of default judgment when the defendant has been properly served or plaintiff shows that defendant is aware of the lawsuit and failed to answer. *Meadows v. Dominican Republic*, 817 F.2d 517, 521 (9th Cir. 1987). Here, plaintiff properly served defendant, who has failed to answer or otherwise respond to ensuing motions which it was also served. Accordingly, defendant's failure to appear is not the result of excusable neglect. *See id.*

The seventh *Eitel* factor considers the strong policy favoring case disposition on the merits. *Id.* While public policy generally favors disposition on the merits, default judgment is proper when a defendant deliberately chooses not to defend the case. *Id.* Defendant's conduct in this case has made it impractical to adjudicate this case on the merits.

In light of plaintiff's compliance with Rule 55 and this court's discretion upon its findings, plaintiff's motion for default judgment is granted.

**IV.  Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that BANA's motion for default judgment (ECF No. 72) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that plaintiff shall prepare and file an appropriate judgment for the court's signature consistent with the foregoing within twenty-one (21) days of the entry of this order.

DATED June 11, 2020.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**